### Joseph Spear v. George A. Detrick.

1. *Verdict— Question of Fact—Weight of Testimony.*—Where the verdict of the jury is not manifestly against the weight of the testimony it will not be disturbed.

**Memorandum.**—Assumpsit. Appeal from the Circuit Court of White side County; the Hon. JAMES H. CARTWRIGHT, Judge, presiding. Heard in this court at the May term, 1893, and affirmed. Opinion filed December 12, 1893.

The statement of the facts is contained in the opinion of the court.

C. L. SHELDON, attorney for appellant.

H. C. WARD, attorney for appellee.

OPINION OF THE COURT, LACEY, J.

This was a suit brought in the Circuit Court by appellee against appellant on account for pressing hay, and the use of his barn; the error assigned is that the verdict is manifestly against the weight of the evidence. The parties stipulated on the trial that the amount of hay pressed by the appellee for the appellant and shipped to Peoria, was 105 tons and 310 pounds. The appellant's evidence shows that the hay pressed by the appellee was mixed with hay from the same barn pressed by one Helmick, and about four tons of the hay

shipped to Peoria was of the Helmick hay, and not baled by the appellee, and the appellee not entitled to pay for baling that amount; it was not positive, however, that this was the accurate amount of the Helmick hay. In the progress of the trial the appellant tendered to appellee what he claimed was the balance due him and the costs up to that time, to wit: sheriff's fees $2.35; clerk's fees $1.50; pressing hay $21; use of barn $5. The appellee, by his replication filed, received this amount as payment on the amount due him, and averred that the sum named in the declaration was still due him, less the amount of the tender which he received and took out of court, which he accepted as part payment. The verdict of the jury was $57 for the appellee, who remitted $15 of the amount, and the court gave judgment for him for $42, and credited $3.85 on the costs, amount tendered on them. The price for pressing the hay was to be $1.75 per ton. Appellant had paid $125 on the account and in addition, the $26 received by appellee of the tender, his entire credit would amount to $151.

The evidence tended to show a small quantity of appellant's hay not baled by appellee, shipped to Peoria, and making up the 105 tons and 310 pounds shipped to Peoria. The appellant violated his agreement to keep correct account, and mixed the hay, and put it out of his power to show how much was not baled by appellee, and the jury were justified in rejecting his claim. Allowing the plaintiff for the pay of 101 tons of hay, his charge would be $176.75 for pressing the hay, and allowing him $25 for the use of the hay barn for five years, his account would be $191.75; from this amount deduct $151, leaves $40.75 due appellee, within $1.25 of the amount of the judgment. There can not be much controversy about the hay account. The main controversy, therefore, is whether the appellee was entitled to over five dollars for the use of the barn. The evidence was quite conflicting as to the value of the use of the barn, ranging from $12 a year to one dollar, and appellant had had the use of it for five years. The first account rendered by appellee to the appellant for the use of the barn was five

dollars, but he claims that to be a mistake in writing it down; that he intended to charge five dollars a year; and by the remittitur the allowance for the use of the barn was intended to be reduced to the amount of the $25, being $20 more than the appellant was willing to pay for it. It is claimed by the appellant that he had the use of the barn as a mere accommodation, and that no charge was intended to be made. The evidence rather impresses us that that was probably so, but on the contrary, there was evidence submitted to the jury sustaining the appellee's theory that he was to have for the use of the barn what it was really worth, and there is evidence tending to show that it was worth for the five years at least $25. The verdict of the jury is not so manifestly against the weight of the evidence that we feel at liberty to disturb it on that account, though we would have been better satisfied if the judgment had been about $20 less. Seeing no error sufficient to reverse, the judgment of the court below is affirmed.

Judge CARTWRIGHT, having tried the case in the court below, took no part in rendering this decision.